538 So.2d 1276 (1989)
Norman WOLFINGER, Etc., Appellant/Cross-Appellee,
v.
SENTINEL COMMUNICATIONS Company, et al., Appellees/Cross-Appellants.
No. 87-2377.
District Court of Appeal of Florida, Fifth District.
January 20, 1989.
Rehearing Denied March 6, 1989.
James L. Graham, Rockledge, for appellant/cross-appellee Norman Wolfinger.
Lawrence J. Phalin and Clay H. Coward of Mateer, Harbert & Bates, P.A., Orlando, for appellees/cross-appellants Sentinel Communications Co. and Lynne Bumpus-Hooper.
*1277 James H. Fallace of Nash & Fallace, P.A., Melbourne, for appellants/cross-appellees John R. Rich, III, and John R. Rich, IV.
Jack A. Kirschenbaum, of Wolfe, Kirschenbaum & Peeples, P.A., Cocoa Beach, for appellee/cross-appellant Cape Publications, Inc.
EVANS, V.W., Jr., Associate Judge.
The trial court issued an alternative writ of mandamus and ultimately a peremptory writ of mandamus in this action instituted by the media appellees to compel disclosure of pretrial discovery material in the case of State v. Cruse. The accused criminal defendant Cruse has been charged with six first-degree murders and numerous other counts for attempted murder and kidnapping. The appellant/cross-appellee, Norman Wolfinger, is the State Attorney for the Eighteenth Judicial Circuit in and for Brevard County, Florida. In the trial of the mandamus action the state attorney resisted disclosure of the pretrial discovery material to the media appellees/cross-appellants based on various affirmative defenses which created constitutional issues involving the separation of powers doctrine and the constitutional right of an accused criminal defendant and the state to a fair trial. The state attorney also contended below that disclosure of pretrial discovery material would hamper, hinder and obstruct him in the exercise of his constitutional duty to insure that both the state and the defendant receive a fair trial in the venue where the crimes are alleged to have been committed. The media appellees demanded release of pretrial discovery material pursuant to Chapter 119, Public Records, Florida Statutes (1985) and in particular requested release of those pretrial discovery materials disclosed to the accused criminal defendant Cruse pursuant to the Florida Criminal Rules of Procedure.
The various constitutional arguments of the state attorney were set forth in affirmative defenses in his answer to the mandamus action. The trial court did not strike those affirmative defenses but it is clear, nonetheless, that the trial court did not address them on their merits. In ruling on these issues the trial court said:
A court is not free to consider public policy questions regarding relative significance of the public's interest in disclosure and damages to individuals or institutions resulting from such disclosure and therein lies the issue.
The court went on to issue the peremptory writ of mandamus requiring release of the pretrial discovery material to the media with the exception of the so-called Rich tape.
The trial court did not have the benefit of the opinion of the Florida Supreme Court in Florida Freedom Newspapers, Inc. v. McCrary, 520 So.2d 32 (Fla. 1988). In that case the accused criminal defendants in their pending criminal action successfully contended that pretrial discovery materials disclosed to them under Criminal Rules of Procedure should not be made public notwithstanding the legislative mandate in Chapter 119. The trial court in McCrary, after an in-camera inspection, ordered the pretrial discovery materials closed to the public based on Florida Rule of Criminal Procedure 3.220(h). The Supreme Court approved that decision and made it very clear that the legislative mandate in Chapter 119 cannot be considered as an absolute. In the McCrary case the accused criminal defendants made essentially the same arguments that the state attorney has made in this case. In this suit accused criminal defendant Cruse moved and was permitted to intervene, asserting that to grant that relief would prejudice his right to a fair trial in Brevard County. In McCrary, Justice Shaw speaking for the unanimous Supreme Court said:
If, as the press urges, chapter 119 was read and applied so as to violate the constitutional separation of powers doctrine or the right to a fair trial, we would be obliged to declare the statute unconstitutional. Instead, we hold that when correctly interpreted and applied there is no conflict between the statute and the constitutional authority of the judicial branch to take such measures as are necessary to obtain orderly proceedings and a fair trial.
* * * * * *

*1278 In summary, there is no first amendment right of access to pretrial discovery material. There is in Florida a statutory right of access to such material when it becomes a public record, but that statutory right must be balanced against the constitutional rights of a fair trial and due process.
Id. at 34, 36. With reference to the Rich tape, we are of the opinion that the trial court erred in finding it to be private property. It has been gathered by the state attorney in much the same way and manner as other pretrial discovery material and should be treated as a public record and not private property.
Inasmuch as the trial court did not address the merits of State Attorney Wolfinger's affirmative defenses and did not have the benefit of the McCrary decision at the time of its ruling, we believe it would be in the best interest of the administration of justice to remand the case to the trial court for reconsideration in light of the principles set forth in McCrary. On remand, the trial judge must exercise his discretion based upon the facts and circumstances of the case.
REVERSED and REMANDED.
ORFINGER and DANIEL, JJ., concur.